

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. M. Cape, Chairman
Guadalupe-Blanco River Authority
San Marcos, Texas

Dear Mr. Cape:

Opinion No. O-5266

Re: Expiration date of the Appropriation under House Bill No. 83, 47th Legislature, Chapter 144, for the benefit of the Guadalupe-Blanco River Authority.

We beg to acknowledge receipt of your letter asking the opinion of this department with respect to the above subject matter, as follows:

"The question has been raised by the Comptroller of Public Accounts as to the expiration date of House Bill No. 83, 47th Legislature, Chapter 144, which was an Act making appropriations for the benefit of the Guadalupe-Blanco River Authority and a number of other State agencies.

"The Act was approved on April 15, 1941, and officially certified by the Secretary of State as effective ninety days after July 3, 1941, the date of adjournment.

"The position of this Authority is that as a matter of law, the Act did become effective ninety days after July 3, 1941, but that, in view of Article VIII, Section 6 of the Constitution of the State, limiting appropriations to a term of two years, and the provisions of Article 12 of the Revised Civil Statutes, the time limit on the appropriation would expire on August 31, 1943.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

onorable S. M. Cape - page 2.

"The view of the Comptroller's Department is that the time limit on the appropriation would expire on April 15, 1943.

"There are some considerable funds which are unexpended in the appropriation, and the Comptroller has requested that I obtain y ur o inion with respect to the date upon which the appropriation wo ld ex ire. I shall appreciate it if you will forward the Comptroller o y of your opinion."

House Bill No. 83 Acts 47th Leg. p. 199, contains similar appropriations to some ten conservation and reclamation districts. The portions of the bill pertinent to your question are as follows:

"Section 2.a. There is hereby appropriated for the use of the Guadalupe-Blanco River Authority, a conservation and reclamation district created by virtue of Chapter 410 of the Acts of the First Called Session of the Forty-fourth Legislature, out of any funds in the State Treasury not heretofore otherwise appropriated, the sum of Fifteen Thousand Dollars ($15,000), which may be withdrawn from time to time on warrant signed by the Chairmen of the Board of Directors and the Treasurer of the said Guadalupe-Blanco River Authority.

"b. This appropriation shall be treated as a loan from the State of Texas to the Guadalupe-Blanco River Authority, and shall be repaid to the State of Texas by the Guadalupe-Blanco River Authority from the first revenue of the Authority."

The Bill was approved April 15, 1941 and although it contained an emergency clause, it does not appear to have received a two-thirds record majority vote.

Section 39 of Article III of the Constitution reads as follows:

"No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in

Honorable Z. M. Cape-page 3.

case of an emergency, which emergency must be ex-
pressed in a preamble or in the body of the act,
the Legislature shall, by a vote of two-thirds of
all the members elected to each House, other-
wise direct; said vote to be taken by yeas and
nays, and entered upon the journals."

Section 6 of Article VIII of the Constitution provides:

"No money shall be drawn from the Treasury
but in pursuance of specific appropriations
made by law; nor shall any appropriation of money
be made for a longer term than two years, * * *".

In our opinion No. 0-2941 we had before us a similar
provision in House Bill No. 1081 Acts 46th Legislature, for
the benefit of the Upper Guadalupe River Authority, and we
held in that opinion that notwithstanding the provision that
the money withdrawn should be repaid out of the first monies
received by the district, it was nevertheless an appropriation,
and being subject to the Constitution Article 8, Section 6,
would "lapse at the end of two years from its effective date."
This ruling is also applicable to H.B. 83, i.e., the appro-
priation in H.B. 83 may not extend for a longer period than
two years from its effective date. Opinion No. 0-2941 however
does not expressly pass upon what particular date would be
the "effective date" of such an appropriation.

If the act is a "general appropriation act" it may
go into effect immediately upon its passage, notwithstanding
it may not have passed by the requisite majority, for Section
39 of Article III of the Constitution places such acts in a
separate category and exempts them from the limitation provided
for other bills.

The question of what constituted a "General appropriation
act" was before this Department in an opinion written by C. M.
Cureton, then First Assistant Attorney General, dated June 4, 1915.
(Legal Opinions Attorney General 1914-16, page 691). That opinion
bases the distinction upon the same considerations which are ap-
plicable to "general" and "local" or "special" laws. We quote
the following from the opinion:

"However, from a consideration of the caption of
the Act, an examination of its first section and
from a glimpse into the necessities and purpose of
the measure, it is entirely clear that this appropria-
tion act is a general law, intended primarily to affect the
entire body of the people of the State in that its primary

Honorable S. M. Cape - page 4.

and fundamental purpose is to pay either for the
past or continued support of the State Government.

"* * * *

"It is true that our State Constitution uses the
words 'the general appropriation act,' but the use
of this language is not a limitation upon the right
of the Legislature to divide its appropriation act
into as many different bills as it chooses. In fact,
it has been the custom now for some time to pass
several appropriation bills each session of a general
nature, all of which become effective when signed by
the Governor. So long as the purpose of the bill is
to make a general appropriation for the support of
the State Government, it is a general appropriation
bill, and comes within the constitutional exception."

Several administrations of this department followed the
rulings in the above opinion and we think the conclusion reached
is sound.

The Guadalupe-Blanco River Authority was created under
the provisions of and to carry out the purposes of Constitution
Article XVI Section 59, (Acts 1933, 43rd Leg., 1st C.S., p. 198,
ch. as amended by Acts 1935, 44th Leg., 1st C. S., p. 1615 ch.
410), and is a state governmental agency and public enterprise,
created by the Legislature for the general governmental purpose
of effectuating the objects of the conservation amendment and
its directors are state officers. Lower Colorado River Authority
v. McCraw (Sup.Ct.) 83 S. W. (2) 629; Brazos River Conservation
and Reclamation District v. McCraw, (Sup. Ct.) 91 S. W. (2) 665.
The appropriation now under consideration is for the support of
the state government and clearly comes within the rule announced
in the former opinion of this department quoted above, as a gen-
eral appropriation act.

In the absence of any provision to the contrary such
general appropriation would become effective and available
at once. We find no provision to the contrary in this act and
there is no provision specifically fixing or attempting to fix,
the period of time within which the appropriation thus made
would be available. The language in Subdivision a. declaring
"which may be withdrawn from time to time on warrant signed
by the Chairman of the Board of Directors and the Treasurer
of the said Guadalupe-Blanco River Authority," in the absence
of other controlling provisions of law, would imply that the

Honorable A. V. Cape - page 5.

same was available after the effective date of the Act.

Article 12 of the Revised Civil Statutes 1925, reads in part as follows:

"The fiscal year of the State shall terminate on the 31st day of August of each year, and appropriations of the State government shall conform thereto.
* * *".

A general rule with reference to statutory construction is stated in Ferris Press Brick Co. v. Hawkins, 166 S.W. 80 as follows:

"It has long been settled that particular provisions may be regarded as directory merely; by which is meant that they are to be considered as giving directions which ought to be followed, but not so limiting the power in respect to which the directions are given that it cannot be effectually exercised without observing them. That those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the business, and by failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in time or the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purpose of the statute."

Aside from any question of the precise meaning of "conform" as used in Article 12, or the authority of one legislature to limit the manner in which a subsequent legislature may exercise its constitutional prerogative of making appropriations, we are of the opinion that said statute is directory only and is not such a limitation as would require that every appropriation of the State government "conform" strictly to the fiscal year therein provided. We cannot ascribe to the Legislature the intent by this statute to provide that appropriations made for periods which do not "conform" to the fiscal year shall be void. It is to be observed that the statute does not attempt to fix the appropriation periods, but only directs in effect that the Legislature in making subsequent appropriations should fix the period for which such appropriations are made to conform to the fiscal year.

Honorable I. M. Caps - page 6.

As stated in your letter, the present position of the
Authority is that the Act did not become effective until 90
days after July 3, 1941, i. e., October 2, 1941, however the
view of the Authority has apparently changed since the incep-
tion of this appropriation. The records of the Comptroller's
office show that on June 16, 1941 warrants in the amount of
$364.76 were issued against this appropriation upon claims
presented by the Authority, the obligations having been there-
tofore incurred, and before October 2, 1941 warrants in the
total amount of $1,497.51 were issued under this appropriation,
at the instance of the Authority.

It is our opinion that the appropriation to the
Guadalupe-Blanco River authority, in H. B. 83, 47th Leg. be-
came effective on April 15th, 1941 and the money was available
for expenditure from that date, and that said appropriation
terminated or expired two years from said date by force of
Constitution Article VIII section 6.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 29, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Cammack*

Cecil C. Cammack
Assistant

CCC:pm